UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARETIS LIMITED,

              Plaintiff,

       v.

OAKEVER GAMES PTE. LTD.,

              Defendant.

Case No. 25-cv-04570-AMO   (TSH)

**REPORT & RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 25

## I.    INTRODUCTION

Plaintiff Aretis Limited (d/b/a Hungry Studio) brings this copyright infringement case against Defendant Oakever Games Pte. Ltd., alleging Defendant copied its Block Blast! video game. Pending before the Court is Plaintiff's Motion for Default Judgment. ECF No 25. Defendant has neither opposed the motion nor appeared in this case. The undersigned finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the March 26, 2026 hearing. For the reasons stated below, the undersigned **RECOMMENDS** the District Court **GRANT** the motion.

## II.    BACKGROUND

### A.    Factual Background

Plaintiff is a Hong Kong-based software game developer that has offered its Block Blast! mobile block puzzle game on the Apple App Store and on Google Play since 2022. Sec. Am. Compl. (SAC) ¶¶ 2-4, ECF No. 19. The Block Blast! mobile application has achieved over 40 million daily active users and over 200 million players worldwide. *Id.* ¶¶ 17-18, 21-22.

Defendant is a Singapore company that publishes games and maintains its principal place

of business in Singapore. *Id.* ¶¶ 5-6. Defendant has been offering on Google Play and Apple App Store an infringing version of the block puzzle game application Qblock since 2024. *Id*. ¶ 7. Defendant used the content of Plaintiff's copyrighted work, including its unique artwork, interface designs, sound recordings, and source code, to create the infringing app. *Id.* ¶¶ 33-34. A side-by-side comparison between Plaintiff's and Defendant's apps demonstrates that the apps are substantially similar. *Id.* ¶¶ 24-26, 33-34, Exs. A-B. Plaintiff contends these offerings diverted user traffic and advertising income and caused reputational harm. *Id.* ¶ 27.

Plaintiff's original work was first published in China on March 3, 2022, and subsequently registered with the National Copyright Administration of the People's Republic of China. *Id*. ¶ 15. On June 23, 2025, Plaintiff obtained U.S. Copyright Office registrations for two related works titled Block Blast! App Promotional Video (PAu 4-266-579) and Block Blast Adventure Master Game Promotional Video (PA 2-536-810). *Id.* ¶¶ 19-20.

**B.    Procedural Background**

Plaintiff filed this case on May 30, 2025, asserting one claim for copyright infringement. ECF No. 1. On July 11 it filed a First Amended Complaint, alleging compliance with the registration requirements of 17 U.S.C. § 411(a) effective as of June 23, 2025, and asserting a claim for copyright infringement pursuant to 17 U.S.C. § 101, et seq. ECF No. 13. That same day Plaintiff emailed the complaint to Defendant's representatives and asked them to accept service by email. ECF No. 14-1 ¶¶ 4-5, Ex. A. On July 15 Defendant's U.S. counsel, Lisa Li of Greenberg Traurig, LLP, requested Plaintiff's proposed service waiver forms. *Id.*, Ex. A. Plaintiff's counsel responded to Ms. Li's email by providing the forms the next day, and although Ms. Li confirmed receipt, Defendant did not return the signed forms and did not waive service. *Id*.

On August 1, 2025, Plaintiff filed a motion to enlarge time, asking the Court to extend the case deadlines by 90 days so it could formally serve Defendant under the Hague Convention. ECF No. 14. On August 6 the Court granted Plaintiff's request. ECF No. 15.

Plaintiff filed the operative Second Amended Complaint on September 15, 2025. It asserts two claims: (1) copyright infringement premised on Plaintiff's exclusive license in the copyrighted work and allegations of copying and substantial similarity; and (2) copyright infringement of a

2

foreign work. SAC ¶¶ 28-59.

On November 3, 2025, Plaintiff filed a second motion to enlarge time to accommodate the pending service under the Hague Convention, ECF No. 20, which the Court granted, ECF No. 21.

On December 17, 2025, Plaintiff served the Summons and Second Amended Complaint on Defendant in Singapore under the Hague Convention. *See* Proof of Service, ECF No. 22; Declaration of Zheng Liu in Support of Plaintiff's Motion for Default Judgment (Liu Decl.) ¶¶ 4-5, ECF No. 25-1, *id.*, Ex. A, ECF No. 25-2.

On January 14, 2026, after Defendant failed to respond, Plaintiff filed a Motion for Entry of Default by the Clerk of Court. ECF No. 23. That same day, Plaintiff emailed a courtesy copy of the motion to Plaintiff's last known U.S. counsel, Lisa Li. Liu Decl. ¶¶ 8-9 & Ex. B, ECF No. 25-3. Ms. Li has not responded to that email. Liu Decl. ¶ 10. On January 22, 2026, the Clerk entered default against Defendant. ECF No. 24.

Plaintiff filed the present motion on January 30, 2026.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord*

United States District Court
Northern District of California

3

*DIRECTV*, 503 F.3d at 854. Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.    DISCUSSION

### A.    Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

### 1.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action if it finds that it lacks subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, the Court has subject matter jurisdiction over Plaintiff's claim brought under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), which invokes federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.").

United States District Court
Northern District of California

4

United States District Court
Northern District of California

### 2.    Personal Jurisdiction

#### a.    Basis for Personal Jurisdiction

To enter default judgment, the Court must have a basis for the exercise of personal jurisdiction over the defendant in default. *In re Tuli*, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Traditional bases for conferring a court with personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within the forum state, or a defendant's citizenship or domicile in the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011). Absent one of the traditional bases for jurisdiction, the Due Process Clause requires that the defendant have "certain minimum contacts with [the forum] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (citations and quotation marks omitted). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction is proper. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Plaintiff argues the Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2), which provides: "For a claim that arises under federal law, serving a summons . . . establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." "Under Rule 4(k)(2), the plaintiff must prove: (1) the claim at issue arises from federal law; (2) the defendants are not subject to any state's courts of general jurisdiction; and (3) invoking jurisdiction upholds due process (namely, that jurisdiction is not unreasonable)." *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1040 (9th Cir. 2022) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir.

5

2006)).  "The plaintiff has the burden to show the first two prongs; the burden then shifts to the defendant to show application of jurisdiction would be unreasonable."  *Id.*

The first element is satisfied because Plaintiff's copyright infringement claim arises under the federal Copyright Act of 1976.  The second element is also satisfied because Plaintiff alleges Defendant is resident of Singapore, and there are no facts suggesting it is subject to general jurisdiction in any state court.  SAC ¶ 11.  Additionally, Defendant has not appeared in this case or disputed personal jurisdiction.  *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007) ("[A]bsent any statement from [either defendant] that it is subject to the courts of general jurisdiction in another state, the second requirement of Rule 4(k)(2) is met."); *Bungie, Inc. v. Thorpe*, 2023 WL 2145522, at *4 (N.D. Cal. Feb. 21, 2023) (second factor satisfied at default judgment stage where plaintiff alleged defendant resided in United Kingdom).

As to the third factor, "[t]he due process analysis under Rule 4(k)(2) is nearly identical to traditional personal jurisdiction analysis with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole."  *Holland Am. Line*, 485 F.3d at 462 (also noting that, in the "few cases in which our sister circuits have concluded that Rule 4(k)(2) conferred jurisdiction," the defendants have had "extensive contacts to this country.").  Under Ninth Circuit law, there is a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Briskin v. Shopify, Inc.*, 135 F.4th 739, 750–51 (9th Cir. 2025) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Under the first prong, Plaintiff has asserted tort-based claims, so the question is whether Defendant purposefully directed its activities toward the United States.  *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (noting that copyright infringement

6

sounds in tort); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state."). The "purposeful direction test requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin*, 135 F.4th at 751 (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010)).

Here, Defendant purposefully directed its activities at the United States by offering the infringing app to U.S. customers on the Google Play and Apple App Store platforms and deriving revenue there. SAC ¶¶ 7, 13. As such, Plaintiff's copyright claims arise out of Defendant's forum-related activities. *Id*. ¶¶ 12-13. Courts have found a defendant purposefully directed its activities at the United States by offering an infringing app to U.S. customers on the Google Play platform and deriving revenue there. *See Akrura Pte. Ltd. v. Apero Techs. Grp.*, 2024 WL 3914514, at *3 (C.D. Cal. Aug. 5, 2024).

Finally, Defendant has not appeared in this action, and it has therefore failed to meet its burden as to the third prong. Accordingly, the Court has personal jurisdiction over Defendant.

### b.     Service of Process

Personal jurisdiction also requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

As noted above, on August 6, 2025, the Court granted Plaintiff's request to extend the case deadlines so it could formally serve Defendant under the Hague Convention. ECF Nos. 14, 21. On December 17, 2025, Plaintiff successfully served the Summons and Second Amended Complaint on Defendant in Singapore under the Hague Convention. *See* Proof of Service, ECF No. 22; Liu Decl. ¶¶ 4-5 & Ex. A. As of December 1, 2023, Singapore is a signatory to the Hague

Service Convention. *See* Ministry of Law, *Service Convention to Enter into Force for Singapore on 1 December 2023* (Nov. 24, 2023), https://www.mlaw.gov.sg/news/announcements/24-11-2023-service-convention-enters-into-force-on-1-dec-2023/; *EM1 Cap. LLC v. DWHTD Tech. PTE LTD*, 2024 WL 6971038, at *3 (C.D. Cal. Apr. 12, 2024) (noting that Singapore recently signed the Hague Service Convention). Accordingly, the undersigned finds service of process was proper.

**B.     *Eitel* Factors**

Applying the seven *Eitel* factors, the undersigned finds default judgment is warranted in favor of Plaintiff.

### 1.     The Possibility of Prejudice

The first factor the Court considers is the possibility of prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471–72. This factor weighs in favor of default judgment "when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citations omitted); *IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010) (prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy). Because there has been no appearance from Defendant in this action, Plaintiff would be prejudiced absent a default judgment because there would be no remedy.

### 2.     Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of the substantive claims and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471–72. "These two factors are often analyzed together and require courts to consider whether a plaintiff has 'state[d] a claim on which [it] may recover.'" *Vietnam Reform Party*, 416 F. Supp. 3d at 962 (quoting *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)). "Of all the *Eitel* factors, courts often consider the second and third factors to be 'the most important.'" *Id.* (quoting *Sanrio, Inc. v. Jay Yoon*, 2012 WL 610451, at *4 (N.D. Cal. Feb. 24, 2012)).

The Copyright Act provides protection to authors of original works of authorship. 17 U.S.C. §§ 101-03. To recover for copyright infringement, a plaintiff must show (1) ownership of

8

a valid copyright and (2) that the defendant violated their exclusive rights under the Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Rights under the Copyright Act include the right to reproduce the copyrighted work, to prepare derivative works based upon the copyrighted work, to distribute copies of the work, and to display the copyrighted work publicly. 17 U.S.C. § 106.

As to the first element, Plaintiff is the owner of registered copyrights in various versions of its Block Blast! software. SAC ¶¶ 19-20. "A copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate.'" *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c)); *see also Ent. Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (explaining that a certificate of registration bearing the plaintiff's name "creates a presumption of ownership of a valid copyright"). As a copyright holder, Plaintiff has the exclusive rights to reproduce, prepare, distribute, publicly perform, and import its copyrighted works. 17 U.S.C. § 106. As to the second element, Plaintiff alleges Defendant used the copyrighted work to create the infringing app and offered that app on internet platforms for download without Plaintiff's authorization. SAC ¶¶ 28-42. Plaintiff has therefore stated a claim for copyright infringement. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048–50 (N.D. Cal. 2010) (entering default judgment where plaintiff alleged defendant violated the Copyright Act through unauthorized sales, downloads, and marketing of its copyrighted work); *Akrura Pte. Ltd.*, 2024 WL 3914514, at *4 (entering default judgment on copyright claim where plaintiff alleged defendant launched an infringing app on Google Play).

### 3.    The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1050 (N.D. Cal. 2010) (citation and quotation marks omitted). When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored. *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings).

United States District Court
Northern District of California

"However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Although Plaintiff seeks damages in its complaint (SAC, Prayer for Relief), in its motion Plaintiff states it "has decided to forego damages in favor of permanent injunctive relief rendering the amount of money issue irrelevant." Mot. at 8. This factor therefore favors default judgment because Plaintiff has decided to forego damages. *See Akrura Pte. Ltd.*, 2024 WL 3914514, at *5 (factor weighs in favor of default judgment on copyright claim where plaintiff foregoes damages).

### 4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471–72. However, upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DIRECTV, Inc.*, 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a)). Moreover, as outlined above, Plaintiff provided the Court with well-pleaded allegations supporting the claims. Accordingly, this factor weighs in favor of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471–72. Here, Plaintiff provided adequate notice of this action, yet Defendant made no appearance and failed to respond to the present motion. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (cleaned up). Further, there is nothing in the record suggesting this failure is based on excusable neglect. *See Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1005 (default after proper service was not excusable neglect). Thus, this factor supports default judgment.

### 6. Policy Favoring Deciding a Case on its Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. "Cases should be decided upon their

merits whenever reasonably possible." *Id.* (citation omitted). "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Further, "deciding the case on the merits is impossible where a party refuses to participate." *Vietnam Reform Party*, 416 F. Supp. 3d at 970. Thus, because Defendant made no effort to respond to communication attempts by Plaintiff and in no way participated in the proceedings, "[t]his factor thus weighs against, but does not preclude, entry of default judgment." *Id.*

### 7.    Summary of the *Eitel* Factors

In sum, the majority of the *Eitel* factors weigh in favor of granting default judgment. Accordingly, the undersigned **RECOMMENDS** the District Court **GRANT** the motion and enter default judgment against Defendant.

## C.    Relief Sought

Once liability is established, the plaintiff must establish that the requested relief is appropriate. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Plaintiff requests the Court issue a permanent injunction preventing Defendant from offering its infringing app on any platform. Mot. at 11. The Copyright Act allows courts to grant permanent injunctions "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *CNC Software, Inc. v. T D Mfg., Inc.*, 2020 WL 2042330, at *6 (C.D. Cal. Mar. 24, 2020) ("A permanent injunction is an appropriate remedy in default judgment cases involving claims of copyright infringement.") (citing *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011)). "An injunction against further infringement and even infringement of future works is permitted, and it is appropriate to grant an injunction on an application for default judgment." *Sony BMG Music Ent. v. Cody*, 2009 WL 3650923, at *6 (E.D. Cal. Oct. 27, 2009), *report and recommendation adopted*, 2009 WL 10694205 (E.D. Cal. Dec. 9, 2009); *Akrura Pte. Ltd.*, 2024 WL 3914514, at *5 (granting permanent injunction in copyright action after entry

United States District Court
Northern District of California

of default judgment).  A party seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 879 (9th Cir. 2014) (citations omitted).  Each of these four factors is satisfied here.

First, Plaintiff has shown it is likely to suffer irreparable harm in the absence of an injunction.  Any continuing infringement of Plaintiff's exclusive rights over its copyrighted works will likely undermine the value of those works, harm Plaintiff's business model, and damage Plaintiff's reputation in the industry.  SAC ¶¶ 39, 42, 55, 59.  *See Apple Computer, Inc. v. Formula Int'l Inc.*, 725 F.2d 521, 525-26 (9th Cir. 1984) ("[J]eopardy to [a corporation's] competitive position" caused by copyright infringement satisfies the irreparable harm requirement); *CNC Software, Inc.*, 2020 WL 2042330, at *6 ("The threat of the loss of prospective customers, goodwill, or reputation also supports a finding of irreparable harm.") (citing *Design Furnishings, Inc. v. Zen Path, LLC*, 2010 WL 5418893, at *5 (E.D. Cal. Dec. 23, 2010)).  "These intangible injuries are irreparable because quantifying their harm is impractical, and such injuries cannot be fully remedied with a financial award."  *CNC Software, Inc.*, 2020 WL 2042330, at *6 (citing *MySpace, Inc. v. Wallace*, 498 F. Supp. 2d 1293, 1305 (C.D. Cal. 2007)).

Further, Defendant's failure to appear in this case is evidence of a threat of future infringement that warrants a permanent injunction.  See *Warner Bros. Ent. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) ("[D]ue to Caridi's non-appearance, there is a threat of continuing violations.  Thus, a permanent injunction is warranted.").  As such, "a permanent injunction is the only remedy available to [Plaintiff] to limit the potential of future injury." *CNC Software, Inc.*, 2020 WL 2042330, at *6 (citing *Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009) (money damages are insufficient where they would not prevent defendant from continuing to infringe on copyrights), *aff'd*, 658 F.3d 1150 (9th Cir. 2011)).

Second, monetary damages will not fully compensate Plaintiff for the harm caused by

12

United States District Court
Northern District of California

Defendant's infringement. Defendant's history of infringement and failure to appear in this case shows that it is likely to engage in further infringement absent an injunction if it is not enjoined. *See Amazon Content Servs. LLC v. DeBarr*, 793 F. Supp. 3d 1242, 1256 (C.D. Cal. 2025) ("Defendants' non-appearance in this case, combined with Defendants' history of willful infringement, convince the Court that there is a significant threat of future infringement.").

Third, the balance of hardships favors Plaintiff because, without an injunction, it will potentially lose profits and suffer harm in its business dealings, while an injunction will simply prohibit Defendant from infringing Plaintiff's copyrights. *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997) ("In this circuit . . . a defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities."); *Chanel, Inc. v. Fu*, 2017 WL 1079544, at \*4 (N.D. Cal. Mar. 22, 2017) ("As for the balance of hardships, that tips strongly in [plaintiff's] favor because [defendant] does not have a cognizable hardship if [it] is simply unable to sell counterfeit, infringing goods.").

Finally, the public interest factor tips in Plaintiff's favor because "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating [such works]." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 867 (9th Cir. 2017) (internal quotation marks and citation omitted); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) ("[T]he primary object in [Congress] conferring the [copyright] monopoly lie in the general benefits derived by the public from the labors of authors.") (quotations omitted)).

Accordingly, a permanent injunction is appropriate.

## V.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** the District Court **GRANT** Plaintiff Aretis Limited's Motion for Default Judgment and enter judgment against Defendant Oakever Games Pte. Ltd. The undersigned **FURTHER RECOMMENDS** the Court enter the following permanent injunction:

Defendant and its agents and representatives, and any other persons and entities acting on Defendant's behalf or with them, are permanently enjoined and restrained from

13

(1) using Plaintiff's Block Blast! mobile application or any of the infringing images, language and interface layouts, as described in Plaintiff's Complaint and attached exhibits;

(2) using mobile applications, images, language, sounds, or interface layouts, which are substantially similar to Plaintiff's Block Blast! mobile application or its images, language, sounds, and interface layouts, as described in Plaintiff's Complaint and attached exhibits;

(3) committing any acts intended to cause consumers to believe that Defendant's mobile applications are offered for download or sold under Plaintiff's control, authorization, or approval; and

(4) creating, providing or offering for download or sale any mobile applications substantially similar to Plaintiff's Block Blast! mobile application.

The undersigned **FURTHER RECOMMENDS** the Court order that Defendant shall, within 10 business days after receipt of the Court's order, remove all of its infringing mobile applications and other infringing content from any online platform.  If Defendant fails to comply within 10 days, third-party providers are authorized to remove Defendant's infringing app(s).

Plaintiff shall serve a copy of this Report and Recommendation upon Defendant and file proof of service thereafter.  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.  Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO RECOMMENDED.**

Dated: March 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

14